NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-67-HRW

JERRY LANE WOOTEN                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                              RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Jerry Lane Wooten, who is confined in the Federal Correctional Institution located in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Wooten has paid the District Court filing fee of $5.00 [Record No. 4].[1]

This matter is now ready for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that it fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

---

[1]

Wooten has paid the $5.00 filing fee. The Order denying Wooten *in forma pauperis* status and ordering him to pay the $5.00 filing fee [Record No. 11], will be set aside as moot.

<u>CLAIMS ASSERTED</u>

Wooten challenges his 2000 federal criminal conviction for money laundering. He argues that it was obtained in violation of his right to due process under the Fifth Amendment of the United States Constitution. Additionally, he argues that due to a decision rendered by United States Supreme Court, *United States v. Santos*, 128 S. Ct. 2020 (2008), he is actually innocent of the money laundering charge of which he was convicted. He also contends that his prior remedies under 28 U.S.C. § 2255, in the district court where he was convicted, were inadequate and ineffective to challenge his detention because *Santos* was not rendered until 2008, after he had exhausted his § 2255 remedies and appeals.

For the reasons set forth below, Wooten has not states a claim upon which this Court may grant relief. His § 2241 petition will be denied with prejudice.

<u>LITIGATION HISTORY</u>
1. <u>Criminal Conviction and §2255 Motions/Appeals</u>

On November 17, 1998, Wooten pled guilty to two charges under 8 U.S.C. §922(g), being a felon in possession of a firearm ("the Firearm Conviction") in the United States District Court for the Eastern District of Michigan at Detroit. *See United States of America v. Jerry Wooten*, Case No. 2:98-CR-80582 (Hon. John Corbett O'Meara, presiding) ("the Trial Court").[2] On March 10, 1999, the Trial Court sentenced Wooten to a twenty-two month sentence on each charge, to run concurrently.

---

[2]

The Court obtained access to the Trial Court docket sheet by electronic means, through the use of the "Public Access to Court Electronic Records ("PACER") System."

2

In a separate proceeding in the Trial Court, styled as *United States of America v. Jerry Wooten*, Case No. 2:98-CR-80580 (Hon. John Corbett O'Meara, presiding), a jury convicted Wooten in 2000 of various charges arising from the operation of a business which bought and sold stolen air bags across state lines and laundered the proceeds across state lines ("the Money Laundering Conviction").

On May 23, 2000, the Trial Court imposed a 188-month sentence for the Money Laundering Conviction, which was ordered to run concurrently with the undischarged Firearm Conviction sentence.  On April 12, 2002, the Sixth Circuit affirmed the Money Laundering Conviction. *See United States v. Wooten*, 39 Fed. Appx. 83, 2002 WL 554498 (6th Cir. (Mich.) 2002) (Not selected for publication in the Federal Reporter).

On July 14, 2003, Wooten filed a motion in the Trial Court, under 28 U.S.C. §2255, to vacate his Money Laundering Conviction. That motion was denied on March 3, 2004.  On May 5, 2004, the Trial Court denied Wooten's request for a Certificate of Appealability [*See* Trial Court Docket No. 393].  On January 19, 2005, the Sixth Circuit denied Wooten's request for a Certificate of Appealability [*Id.*, Docket No. 399].  Undeterred, Wooten filed a motion in the Trial Court on March 4, 2005, a full year after his § 2255 motion had been denied, in which he sought relief from the March 3, 2004 ruling [*Id.*, Docket No. 401]. The motion was denied.

Wooten then moved the Sixth Circuit for leave to file a second or successive motion to vacate, set aside or correct his sentence under § 2255, alleging that he was entitled to a second motion to vacate under *United States v. Booker*, 543 U.S. 220 92 (2005) and *Blakely v.*

3

*Washington*, 542 U.S. 296 (2004). Wooten also alleged that he had been denied his constitutional right to present a defense under *Holmes v. South Carolina*, 126 S.Ct. 1727 (2006).

On January 29, 2007, the Sixth Circuit entered an Order denying Wooten's motion to file a second or successive § 2255 motion [*See* Trial Court Docket No. 414]. The Sixth Circuit explained that the Supreme Court had neither expressly declared *Blakely* to be retroactive to cases on collateral review, nor applied *Blakely* retroactively to a case on collateral review. The Sixth Circuit stated that "Even if the Supreme Court were to rule that *Blakely* is retroactively applicable to cases on collateral review, Wooten's successive motion to vacate would be untimely. *See* 28 U.S.C. § 2255 ¶6(3); *Dodd v. United States*, 454 U.S. 353, 358-69 (2003)."

Additionally, the Sixth Circuit further noted that its according to *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir), *cert. denied*, 126 S. Ct. 199 (2005), *Booker* did not announce a new rule of constitutional law made retroactive to cases on collateral review.

Finally, the Sixth Circuit also rejected Wooten's reliance on *Holmes*, noting that the Supreme Court had not expressly declared *Holmes* to be retroactive to cases on collateral review; that *Holmes* had been decided in the context of a direct appeal, and that the Supreme Court had not applied *Holmes* to a case on collateral review at that time.

On October 31, 2007, the Trial Court entered an Order in which it re-characterized Wooten's March 4, 2005 "Motion for Relief from Judgment" as a second or successive § 2255 motion to vacate, set aside, or correct his sentence [*See* Trial Court Docket No. 415]. Because Wooten was actually challenging the his underlying judgment on the merits, and because Wooten Wooten had not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such

4

a motion, the Trial Court transferred the construed § 2255 motion to the Sixth Circuit for consideration under § 2244(b)(3) [*Id.*].

On January 28, 2008, the Sixth Circuit entered an Order dismissing the transferred § 2255 motion [*See* Trial Court Docket No. 416]. The dismissal was based on Wooten's failure to seek permission to file a second or successive application for habeas corpus relief under § 2244 in the time prescribed by Sixth Circuit Rule 22.[3]

## 2. Petitioner's Legal Argument in Current § 2241 Petition

Petitioner Wooten again challenges his Money Laundering Conviction, asserting a right to use this Court's § 2241 jurisdiction.  He relies on the Supreme Court decision in United States in *United States v. Santos*, --- U.S. ----, 128 S.Ct. 2020, 170 L. Ed.2d 912 (June 2, 2008). *Santos* affects the interpretation of the federal money laundering statute of which Wooten was convicted.Wooten argues that because of the recent rendering of *Santos*, his prior remedies under

---

[3]

Title 28 U.S.C. § 2255 (f)provides the following time limitations:

(f)A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255 were inadequate and ineffective to challenge his detention, and that he therefore qualifies for that narrow exception available in § 2241. Wooten contends that under *Santos*' new statutory interpretation of the money laundering statute, he is "actually innocent" of that charge because the government established only "gross receipts" instead of proving "profits" from his criminal activity. Wooten seeks release from federal custody.

<u>DISCUSSION</u>
1. <u>Legal Requirements under 28 U.S.C. § 2241</u>

Petitioner Wooten is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he can prove that:  (1)  his remedy under Section 2255 is inadequate or ineffective to challenge the legality of his/her conviction *and* (2) he has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he was convicted.  *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003); *see In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause") .

Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

3. <u>Law Applied to Facts</u>
A. <u>*Santos* Decision</u>

Title 18 U.S.C. § 1957 criminalizes "knowingly engag[ing] ... in a monetary transaction in criminally derived property of a value greater than $10,000" if the underlying criminal offense was one of over 250 enumerated offenses, including bank fraud and making false statements on a loan application. 18 U.S.C. § 1957(a); see also id. §§ 1956(c), 1957(f)(3). "[C]riminally derived property," the statute adds, "is any property constituting, or derived from, proceeds obtained from a criminal offense." *Id*. § 1957(f)(2) (emphasis added).

At the time of Wooten's trial, case law suggested that "proceeds" meant gross receipts, as case-law precedent included gross receipts within the definition of proceeds under 18 U.S.C. § 1956, a companion statute to § 1957. *See United States v. Prince*, 214 F.3d 740, 747 (6th Cir.2000); *United States v. Haun*, 90 F.3d 1096, 1101 (6th Cir.1996).

The question raised in *Santos* was whether "proceeds" meant profits or gross receipts. Santos challenged his money-laundering convictions under 28 U.S.C. § 2255, arguing that "proceeds" in § 1956 means profits, not gross receipts, and that the Government had not proved that the transactions underlying his convictions involved the profits of his illegal gambling business. *Id*. at 2023. The Supreme Court held that "proceeds" means profits in the context of an illegal-gambling operation under § 1956. *See United States v. Santos*, ---U.S. ----, 128 S.Ct. 2020, 2025, 170 L. Ed.2d 912 (2008).

Wooten contends that in light of *Santos*, the Government was required to establish the profits  he received from the illegal activities, instead of merely establishing the gross receipts he received. If "proceeds" meant profits, as Wooten argues in applying *Santos*, there was a

7

sufficiency-of-the-evidence problem, because he claims that the government failed to prove that the money he obtained represented the "profits," as opposed to the "gross receipts," of his illegal transactions. If "proceeds" meant gross receipts, Wooten would not have a valid basis for challenging his convictions on sufficiency grounds.

## A. Claims May be Time Barred

As noted, 28 U.S.C. § 2255 (f)(3) contains a one- year statute of limitations which runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Wooten gives no indication in his § 2241 petition that he has attempted to file a  second or successive § 2255 motion in the Trial Court on the specific basis of *Santos*, which was decided over seventeen months ago, on June 2, 2008.[4] This § 2241 petition was not filed until August 10, 2009.  Wooten's claims therefore appear to be time-barred.

## B. Retroactivity of *Santos*

Wooten contends that because *Santos* represents an intervening change in the law which establishes his actual innocence, *Santos* is retroactively applicable to him. Assuming that the one-year statute of limitations of § 2255(f)(3) is not a barrier, the next issue for consideration is whether *Santos* is retroactively applicable to Wooten, who is challenging his conviction via this collateral § 2241 proceeding. The Court concludes that because Santos is not retroactively

---

[4]

If a district court is confronted with a second or successive § 2255 petition, it can transfer the matter to the Sixth Circuit to determine whether the subsequent claim meets the § 2244(b) provision for successive filings. *See In re: Sims*, 111 F.3d 45 (6th Cir.1997).

applicable in this type of collateral challenge to a conviction, Wooten can not avail himself of *Santos* in this § 2241 petition.

The Court acknowledges that in at least one district court case, the government has conceded that *Santos* may be retroactively applied on collateral review, because it creates a new substantive rule to the extent that it narrows the scope of the federal money laundering statute. *See Santana v. United States*, 2009 WL 1228556 *1, n. 2 (W. D. Wash.2009) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519 (2004); *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604 (1998)).  Further, at least one other district court has concluded the same. *See Kenemore v. United States*, 2008 WL 4965948 (E. D. Tex.2008) (citing but noting that it was not bound by another district court's retroactive application of *Santos* in a case involving an illegal gambling business (*Morales v. Jett*, No. 1:08cv786 (S.D. Ind. June 11, 2008)).

However, the majority of decisions, including one from a district court in this circuit, has reached the opposite conclusion and have determined that *Santos* is not retroactively applicable in collateral proceedings.  *See United States v. Sims*, 2009 WL 1158847 (S. D. Tex.2009) (neither Supreme Court nor Fifth Circuit has held *Santos* to be retroactive); *Stewart v. Keffer*, 2009 WL 1076762 (W.  D. La.2009) (same); *Gotti v. United States*, 2009 WL 1010498 (S.D.N.Y.2009) ("there is no indication within the [*Santos*] opinion that it is to have retroactive effect") (citing *United States v. Iacaboni*, No. 01-CR-30025-MAP, 2009 WL 70055, at *2 (D. Mass. Jan.8, 2009) (stating that neither the Supreme Court nor the First Circuit has held that *Santos* applies retroactively); *United States v. Pryce*, No. CV 08-4456 PA, 2008 WL 2945449, at *3 (C. D. Cal. Nov. 6, 2008) ("[T]he United States Supreme Court has not held that Santos

9

applies retroactively on collateral review."); *Vaughan v. United States*, 08CV330-T-02, 2008 WL 2945449, at *3 (W. D. N. C. July 25, 2008) ("[T]he Supreme Court did not rule that its holding [in *Santos*] could be retroactively applied in collateral proceedings or otherwise."); *Haukedahl v. United States*, 2009 WL 961157 *2 (N. D. Oh.2009) ( "*Santos* has no retroactive application . . . A new rule is not applied retroactively unless it is one of "watershed" importance. *Goode v. United States*, 305 F.3d 378, 383 (6th Cir.2002). *Santos* did not announce a new constitutional rule of watershed importance."); *United States v. Iacaboni*, 592 F. Supp.2d 216 (D. Mass.2006) ("neither the First Circuit nor the Supreme Court has held that the *Santos* decision has retroactive effect.").

In *Sui v. United States*, 2009 WL 2032028 (W. D. Wash. July 7, 2009), the district court discussed whether *Santos* and another corollary case applied retroactively to the defendant's second or successive § 2255 motion. That court determined that "The decisions would not, however, apply retroactively to a second or successive § 2255 motion because the Supreme Court itself has not held that *Santos* and *Cuellar* apply retroactively. . . *See Tyler v. Cain*, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L. Ed.2d 632 (2001).").

Based upon the great weight of this authority, the Court is amply persuaded that *Santos* is not retroactively applicable. *Santos* is thus of no aid to Petitioner Wooten in arguing that he is actually innocent of violating the money laundering statute.

C. Application of *Santos* to the Merits of Wooten's § 2241 Petition

To ensure that Petitioner Wooten receives his full measure of due process, the Court will assume, in the alternative, that *Santos* does have retroactive application to Wooten's § 2241

10

petition and his Fifth Amendment claim of "actual innocence." Even making that favorable assumption, and even further assuming that the term "proceeds" was interpreted to mean "net profits" as Wooten contends, his claim fails on the merits due to the limited holding of *Santos*.

*Santos* addressed the meaning of "proceeds" under the money-laundering statute. The case involved an illegal lottery, specifically, an illegal gambling operation. The Court held that the "proceeds" of an illegal lottery are its profits, not its gross receipts. Wooten argues that his conviction for interstate transportation of stolen goods; aiding and abetting; structuring financial transactions and money laundering, should be set aside because the only proceeds which the government proved were "gross receipts," not "profits."

Wooten's reliance on *Santos* is misplaced, because the federal courts have uniformly interpreted *Santos* as being strictly limited to the evaluation of "profits" generated from the illegal gambling operations, <u>not</u> other forms of criminal activity and illegal revenue production. While the four-member plurality in *Santos* defined "proceeds" in the money-laundering statute as "profits," Justice Stevens and the four dissenters disagreed. They cited the legislative history and concluded that the "proceeds" of a drug operation are its gross receipts.

The views of five of course control over the views of four. When there is a split decision, the controlling view is the narrowest that supports the result. *See*, *e.g.*, *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L. Ed.2d 260 (1977). However, when there is no one opinion that "can meaningfully be regarded as 'narrower' than another" or that is a "logical subset of other, broader opinions," the federal courts of appeal have generally concluded that *Marks* is inapplicable. *United States v. Alcan Aluminum Corp.*, 315 F.3d 179, 189 (2d Cir.2003);

11

*Anker Energy Corp. v. Consol. Coal Co.*, 177 F.3d 161, 170 (3rd Cir.1999). "In such a case, the only binding aspect of a splintered decision is its specific result." *Anker Energy Corp.*, 177 F.3d at 170. Accordingly, the narrowest reading *Santos* is that the "proceeds" of an illegal lottery (an illegal gambling operation) are its profits. This interpretation follows its *specific* result relating to an illegal gambling operation.

In a recent case involving the laundering of money gained pursuant to illegal drug trafficking, a federal appeals court considered the reach of the *Santos*. In *United States v. Demarest*, 570 F.3d 1232, 2009 WL 1606937 (11th Cir. 2009), the Eleventh Circuit declined to expand *Santos* and upheld the petitioner's conviction, finding that "the narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under § 1956." *Demarest*, 570 F.3d 1232, 2009 WL 1606937 at *8. *See also Arnaiz v. Hickey*, Slip Copy, 2009 WL 2971638 (S. D. Ga., September 16, 2009) ("Arnaiz is unable to contend that his claims are based on a retroactively applicable Supreme Court decision because the funds that Arnaiz laundered were not gross receipts of an illegal gambling operation. The evidence instead establishes that the laundered funds were the proceeds of an enterprise engaged in Medicare fraud. Accordingly, Arnaiz has not satisfied the requirements of § 2255's savings clause."); *Engle v. Eichnlaub*, 2009 WL 2634206, *1 (Slip Copy) (N. D. Fla. August 24, 2009) (*Santos* not applicable for collateral challenge because Engle was convicted of a drug operation, not an illegal gambling operation).[5]

---

[5]

*See also United States v. Brown*, 553 F.3d 768, 783 (5th Cir.2008) ("The precedential value of *Santos* is unclear outside of the narrow factual setting of that case, and the decision raises as many issues as it resolves for the lower courts."); *United States v. Howard*, 309 Fed. Appx. 760, 771, 2009 WL

Wooten, however, was convicted of interstate transportation of stolen goods; aiding and abetting; structuring financial transactions and money laundering. Wooten's convictions did <u>not</u> involve an illegal gambling operation. *Santos* therefore does not apply to the specific categories of criminal activity of which Wooten was convicted.

Finally, Wooten has cited *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009), and has asked this Court to consider *Kratt* as additional support for his § 2241 claims. The Court will grant Wooten's motion to consider the case, but *Kratt* offers no assistance to Petitioner Wooten.

In *Kratt*, the defendant challenged his conviction for three counts of engaging in monetary transactions in criminally derived property.  Defendant Kratt relied on *Santos* and questioned whether government was allowed only to prove his gross receipts from the criminal activity, as opposed to the more stringent requirement of proving "profits."

The Sixth Circuit provided a lengthy and detailed critique of the splintered plurality decision in *Santos*, and anticipated the impact and practical problems that applying *Santos* will cause in the federal court system. But the court ultimately concluded that under *Marks*, it was required to adopt the "defendant-unfriendly approach" to Kratt's claims, *id*. at 563, and

205649 *10 (4th Cir.2009) ("Because *Santos* does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling charge, we are bound by this Court's precedent establishing that 'proceeds' means 'receipts.' "); *Kenemore v. United States*, 2008 WL 4965948 *6 (E. D. Tex.2008) (not reported in F. Supp. 2d) ("The inescapable conclusion-considering the respective opinions of Justices Scalia and Stevens regarding stare decisis- is that 'proceeds' refers to 'profits' not 'receipts' in money laundering prosecutions involving stand-alone illegal gambling operations."); *Bhatia v. United States*, 2009 WL 690810 * 16 (N. D.Ca.2009) ("This Court will not extend the narrow holding of *Santos* to invalidate the money laundering convictions here, which were based on the proceeds of mail fraud, not a gambling operation."); *Wilson v. Roy*, 2009 WL 1203401 (E. D. Tex.2009) ("Whether the Supreme Court eventually broadens the application of Santos has no bearing on [case involving conspiracy to distribute cocaine rather than illegal gambling]"); *United States v. Sims*, 2009 WL 1158847 (S. D. Tex.2009) (the limited holding in *Santos* does not apply in a case predicated in mail and wire fraud).

determined that Kratt's *gross receipts* from his predicate bank fraud and false statement offenses, rather than the *profits* which he received from his fraudulently obtained loans, were "proceeds" of his criminal offense. *Id*. at 563-564. For this reason, *Kratt* falls into the same category of the other cases which construed *Santos* in the narrowest possible capacity of pertaining only to illegal gambling activities. Consequently, *Kratt* does not support to Petitioner Wooten's claims.

In summary, *Santos* is not retroactively applicable to this § 2241 petition, and even if it were, the splintered holding of *Santos* relegates it to a very narrow and specific set of facts - pertaining to illegal gambling activities- which to not exist in Wooten's case. Consequently, Petitioner Wooten has failed to demonstrate either that he is "actually innocent" under a new interpretation of an applicable criminal statute or that his remedy by Section 2255 was inadequate or ineffective for any reason. The instant § 2241 petition will be dismissed with prejudice.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** that

(1)     The Order of August 31, 2009, denying Wooten *in forma pauperis* status and ordering him to pay the $5.00 filing fee [Record No. 11] is set aside as **MOOT**.

(2)     Petitioner Jerry Lane Wooten's "Motion for Order to Consider *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009)" [Record No. 12] is **GRANTED**.

(3)     Petitioner Jerry Lane Wooten's Petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(4)     This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and

14

Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This November 13, 2009.

Signed By:

*Henry R Wilhoit Jr.*

United States District Judge